Pbaeson, J.
 

 This was detinue, for negro Amy and her two children, decided upon a case agreed, viz : Sarah Mclntire in 18l5 bequeathed the negro Amy to the plaintiff in these words, “I give to my niece, Elizabeth Henry, the services of my servant Amy, during her life, .the said Amy to be liberated at her death, according to the laws of the State, provided the said Amy is well treated, but, if it can be made to appear, that she is not well treated, I allow my executor to take her and liberate her, or put her in the hands of some person, who will treat her well and in a subsequent clause of the will are these words, “I do hereby authorise and empower my executor to be the
 
 sole judge of the
 
 treatment, that the
 
 said Amy
 
 may receive in the possession of the said Elizabeth Henry,” One Lot Cannon was appointed executor, was qualified and assented to the legacy, and put the negro in the possession of the plaintiff, wdio retained the possession of her and her children until 1843, when the said Cannon was about to file a bill in equity against the plaintiff, upon the ground that she intended to remove the negroes out of the State. Whereupon, to prevent litigation, the parties agreed to constitute the defendant their mutual agent and to put the negroes into his possession, with the understanding, that he would hold them during the life of the plaintiff and hire them out annually during that period, and pay the proceeds of their hire to the plaintiff, and, at her death, deliver them to the said Lot Cannon. Accordingly
 
 the negroes were
 
 put into the possession of the defendant, and he for several years hired them out. and paid the money to the plaintiff In 1845, the plaintiff demanded the negroes and commenced this action. His Honor in the Court below was of opinion with the
 
 *287
 
 plaintiff, and judgment was entered in her favor, from which the defendant appealed.
 

 We do not concur in this opinion. It admits of much question, whether the plaintiff took a legal estate in the negro, and there is room to contend, that the whole legal estate continued in the executor, being necessary to enable him to execute the trust, in the event that the negro was not well treated ; so that the plaintiff was only entitled to a trust or right to the services. But suppose the plaintiff took the legal estate for her life, leaving the reversion in the executor, we are of opinion, that she cannot maintain this action ; because she parted with her title and it became vested in the defendant, in trust for her, so far as relates to the hires, during her life.time, and then to be delivered to the executor, by force of the arrangement entered into between the executor and herself in theyear 1843; the legal effect of which was, that, for a valuable consideration and forbearance to sue, she passed her estate to the defendant, in trust to pay her the annual hires; and this transfer, although without writing, was valid, as an executed contract, being a sale accompanied by an actual delivery. Thence she had no right to resume the possession, and has, in fact, no property in the slaves: her remedy, if the negroes are not annually hired out and the money paid to her, is by bill in Equity, to enforce the performance of the trust.
 

 The judgment below must be reversed and a judgment entered for the defendant.
 

 Pee Cuhiam. The judgment reversed and judgment for the defendant.